## BENJAMIN WELLS & another *vs.* JAMES H. PRINCE.

No action can be maintained against an agent of an insurance company for oral misrepresentations concerning its pecuniary condition and credit, alleged to have been made in order to enable the agent to receive a commission or compensation out of a premium of insurance, and by which the plaintiff was induced to effect insurance with the company and suffered loss.

Where the instructions given to the jury are correct, the omission to give others specifically asked and refused is no ground for a new trial, unless it distinctly appears that they were appropriate in the position of the cause and necessary to its just decision.

ACTION OF CONTRACT, with a count in tort, for false representations alleged to have been made to the defendant concerning the pecuniary ability and credit of the Keystone Insurance Company, of which the defendant was an agent, in order to enable him to receive a commission or compensation out of the premium, and by which the plaintiffs were induced to effect an insurance on their property with the company and suffered a loss which they were unable to collect.

At the trial in the superior court, *Vose*, J. instructed the jury that, to maintain this action, the representations declared on must appear to have been in writing.

The plaintiffs requested the judge to rule, "that if the defendant made express warranty, and in consideration thereof the plaintiffs entered into insurance and suffered loss, the consideration is sufficient; or that if, as the plaintiffs have alleged, the defendant was to receive pay from the insurance company in the form of a commission upon the premium received, and, in order to enable himself to procure this commission, the defendant made the undertaking as alleged in the declaration, this benefit to himself, so to be derived, is sufficient consideration."

The judge did not so rule; but instructed the jury, "that if the defendant, during the negotiation for this policy, in consideration of a compensation to be derived from the plaintiffs insuring in this company, made in writing any untrue representation or affirmation as to the pecuniary condition and credit of this company, for the purpose of assuring the plaintiffs of the truth of the fact represented and inducing them to insure in this company, and such representation was received by the plaintiffs as an assurance of the truth of the fact asserted by the defendant, and was relied upon by the plaintiffs, then the defendant is liable, and it is immaterial whether he knew if the representations were true or otherwise." The verdict was for the defendant, and the plaintiffs alleged exceptions.

*C. Allen,* for the plaintiffs.

No appearance for the defendant.

HOAR, J.   It was held in *Medbury* v. *Watson*, 6 Met. 246, and more recently in *Norton* v. *Huxley*, 13 Gray, 285, that the Rev. Sts. *c.* 74, § 3, were to be construed only as a re-enactment of the *St.* of 1834, *c.* 182, § 5; and therefore that misrepresentations as to the character, credit, dealings or trade of a third person need not have been made in writing, in order to give a cause of action, unless made with the intent that the person concerning whom they were made should obtain credit, money or goods thereupon.

But in the case at bar, we think it is evident, from the declaration and the bill of exceptions, that the representations which the plaintiffs relied on were representations made with the

intent of inducing the plaintiffs to make a contract of insurance with the Keystone Insurance Company, and that by means of that contract the insurance company might obtain the money òf the plaintiffs, as the premium for such insurance. This fact distinguished it from *Norton* v. *Huxley* and *Medbury* v. *Watson;* and justified the ruling of the court, that the representations must be shown to have been made in writing, to maintain the plaintiffs' action.

The second exception upon which the plaintiffs rely we think cannot be supported, because it is taken to the refusal of the judge who presided at the trial to give an instruction which was asked for by them, and there is nothing in the bill of exceptions to show any facts in the case which make such instruction necessary. It does not appear that any evidence was offered of a promise or contract in writing. The instruction given to the jury contained nothing to the contrary of that which was asked by the plaintiffs. Where the instructions given are correct, the omission to give others specifically asked and refused cannot be a cause for granting a new trial, unless it distinctly appears that they were appropriate in the position of the cause, and necessary to its just decision.      *Exceptions overruled.*